IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TORRENCE "LITTLE BOOSIE" HATCH;
LARRY ANDERSON; TYEON GIVENS; AND
NATHIA ENICE DANIELS AND
PEYTON NICOLE DANIELS, MINORS, BY AND
THROUGH THEIR PARENT AND NEXT
FRIEND, TYEON GIVENS                                    PLAINTIFFS

VS.                                    CAUSE NO.: 1:17-CV-307-HSO-JCG

DILLARD'S, INC.; JIM WILSON & ASSOCIATES, LLC;
WEISER SECURITY SERVICES, INC.;
CITY OF BILOXI, MISSISSIPPI; AND
JOHN DOES 1-10                                    DEFENDANTS

---

**MEMORANDUM BRIEF IN SUPPORT OF THE CITY OF BILOXI, MISSISSIPPI'S
MOTION TO DISMISS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

---

COMES NOW the Defendant, the City of Biloxi, Mississippi (hereinafter "Biloxi"), by and through its undersigned counsel, and files this its Memorandum Brief to support its Motion to Dismiss, or Alternatively, for Summary Judgment as to the Complaint and claims therein filed on behalf of Torrence Hatch, Larry Anderson, Tyeon Givens and Tyeon Givens' children, Nathia and Peyton Daniels (sometimes referred to collectively as "Plaintiffs"), and in support thereof would show the following:

## FACTS

Biloxi is a municipal corporation whose police services are provided by the Biloxi Police Department ("BPD"). On April 7-9, 2017, an event occurred within the City of Biloxi, commonly referred to as "Black Spring Break." This was not an event organized, sponsored or

sanctioned by Biloxi.  "Black Spring Break" was a loosely organized series of events presented by multiple promoters unconnected with the operations of the City of Biloxi.  One event associated with "Black Spring Break" was a concert that featured a performance by rapper, Torrence Hatch.  Mr. Hatch performed on the evening of April 8, 2017.

On April 9, 2017, Hatch and his entourage, possibly including Larry Anderson and Tyeon Givens, went to Edgewater Mall located in Biloxi, Mississippi.  Edgewater Mall is a private retailer comprised of multiple merchants, including Dillard's, Inc.  During the event known as "Black Spring Break," BPD did not assign specific officers to either Edgewater Mall or Dillard's to provide security services.  See Exhibit "A" – Affidavit of Chief John Miller at pg. 2, ¶ 6.  Edgewater Mall and Dillard's, as well as other merchants in the Mall, employed private security prior to and during the event of "Black Spring Break."  See Exhibit "A."  *Id.* BPD provided only normal police services that were available to all corporate citizens in Biloxi.

At approximately 3:43 p.m. on April 9, 2017, BPD received a call from Edgewater Security and/or Dillard's security reporting that a large unruly crowd had assembled and requested police assistance in disbursing the crowd.  Former Officer Matt Howard of BPD responded to the dispatch and went to the Dillard's department store.  Dillard's Security Officer, Glen Kerley, was in Dillard's on behalf of Dillard's.  *See* Exhibit "B" – Affidavit of Matt Howard at pg. 1, ¶ 4 and pg. 2, ¶ 6.  Kerley was a Reserve Biloxi Police Officer.  However, Kerley was not assigned to the Mall or to Dillard's on behalf of Biloxi or BPD, had not been requested as a reserve to assist BPD with respect to any events associated with "Black Spring Break" and was not paid by Biloxi or BPD.  See Exhibit "A" at pg. 2 and 3, ¶'s 9 and 10.  Kerley was employed by Dillard's at the time and was outfitted in slacks and a red polo shirt with the

words "Dillard's Security" on the breast.  *See* Post Assault Photograph of Kerley attached hereto as Exhibit "C."

Upon arriving at the Mall and ultimately entering Dillard's, Officer Howard requested the crowd to disburse and exit.  As Howard moved further in Dillard's, a confrontation between Kerley and Hatch and his entourage occurred, and Kerley deployed pepper spray.  As the confrontation continued, Kerley deployed pepper spray on three (3) additional occasions. Neither Howard nor any other Biloxi Police Officer at the scene of the disturbance deployed pepper spray at the crowd.  See Exhibit "B" – Affidavit of Officer Matt Howard at pg. 2, ¶'s 6-12.

The crowd ultimately disbursed and Hatch and his companions were seen outside the store boarding a white van.  Officer Howard was outside Edgewater Mall.  When Kerley stepped out of Dillard's, both he and Officer Howard were attacked by persons believed to be Hatch and his associates.  These individuals fled the scene after the attack.  Multiple persons were arrested away from Edgewater Mall.  None of those persons arrested on April 9, 2017 are parties to this lawsuit.  Torrence Hatch was not arrested until December 4, 2017 and charged with simple assault, disorderly conduct and interference with business, customers or invitees.  *See* Exhibit "D" – Biloxi Police Department Arrest Report; *See also* Miss. code Ann. §§ 97-3-7 and 97-35-5.

## PROCEDURAL HISTORY

On October 16, 2017, Biloxi received a Notice of Claim pursuant to the Mississippi Tort Claims Act ("MTCA") on behalf of Torrence Hatch, Tyeon Givens and her children, Nathia and Peyton Daniels, alleging that they were assaulted, insulted, harassed and otherwise personally and emotionally injured as the result of the event at Edgewater Mall on April 9, 2017.  A copy of

the Notice of Claim letter is attached hereto as Exhibit "E."  The letter did not assert notice of any claim on behalf of Larry Anderson.

On October 17, 2017, Hatch, Anderson, Givens and the Daniels children filed suit in the Circuit Court of Harrison County, Mississippi, Second Judicial District.  The original suit improperly named the Biloxi Police Department as a Defendant along with Defendants, Dillard's, Inc., Jim Wilson & Associates, LLC and Weiser Security Services, Inc.  The Complaint asserted claims allegedly arising from the incident of April 9, 2017, which included the following:

1.      COUNT I – Common Law Negligence;

2.      COUNT II – Gross Negligence;

3.      Count III – Negligence *Per Se*;

4.      Count IV – Premise Liability;

5.      Count V – Negligent Infliction of Emotional Distress;

6.      Count VI – Intentional Infliction of Emotion Distress;

7.      Count VII – Failure to Properly Train and Supervise;

8.      Count VIII – Legality and Intentional Tort; and

9.      Count IX – 42 U.S.C. Section 1983.

See Exhibit "F" (original Complaint filed by Plaintiffs).  Counts I-VIII did not specifically identify whether they were directed at a particular Defendant or all Defendants.  Count IX appeared to be directed at the City of Biloxi as a municipality.  The Complaint seeks actual, consequential and punitive damages jointly and severally from all Defendants.  See Exhibit "F."

On October 24, 2017, Dillard's, Inc. filed a Notice of Removal.  [ECF Doc. No. 1.]  On

November 16, 2017, BPD filed a Motion to Dismiss because it was not a proper party, the suit had been prematurely filed in violation of the Mississippi Tort Claims Act and that the Complaint was not property served.  [ECF Doc. No. 7 and 8.]

This Court subsequently permitted the Plaintiffs to amend and name Biloxi as a Defendant.  Plaintiffs' Amended Complaint is attached hereto as Exhibit "G" and is identical to the original Complaint except it names Biloxi as a Defendant.  After service, Biloxi answered the Amended Complaint.  Biloxi's Answer to the Amended Complaint is attached hereto as Exhibit "H."

Biloxi now moves to dismiss as the Complaint fails to state claims upon which relief can granted as to Biloxi or alternatively, Biloxi is entitled to Judgment as a matter of law pursuant to Rule 56 of the Fed. R. Civ. P.

## **LEGAL DISCUSSION**

### A.   **STANDARD OF REVIEW FOR MOTION TO DISMISS AND FOR SUMMARY JUDGMNET.**

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face."  *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011).  To withstand dismissal, a Complaint must "contain factual content that allows the Court to draw reasonable inference that the Defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L.Ed.2[nd] 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678.  The "tenet that a Court must accept as true all the allegations contained in a Complaint is inapplicable as to legal conclusions." *Id.*

The pertinent question for a 12(b)(6) inquiry is whether Plaintiffs have sufficiently

alleged facts supporting the elements of the claims asserted. *Granny's Alliance Holdings, Inc. v. Farrow Const. Specialist, Inc.*, 2012 WL 1836272, p. *6 (S.D. Miss. 2012). That question turns upon the applicable substantive law under which the Plaintiff's claims arise. *See Hayne v. The Insurance Project*, 2011 WL 198128, p. *11 (S.D. Miss. 2011)(analyzing whether complaint stated a cause of action recognized under applicable Mississippi substantive law).

Alternatively, a party may be entitled to judgment as a matter of law if it establishes the absence of a genuine issue of material fact pursuant to Rule 56 of the Federal Rules of Civil Procedure. The party moving for summary judgment bears the responsibility of providing the Court with the basis of its Motion and identifying the portions of the record in the case which establish an absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 US 317, 323 (1986). Once the moving party has properly supported its Motion for Summary Judgment, the non-moving party must respond by setting forth "specific facts showing that there is a genuine issue for trial." *Id.* at 324; *See also United Steel Workers etc. v. University of Alabama*, 599 F.2d 56 (5th Cir. 1979). "The moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)(citation omitted)(internal quotations omitted). If the moving party meets its burden, the "nonmoving party who will have the burden of proof at trial must come forward with summary judgment evidence establishing the existence of a genuine issue; that evidence must be such that if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant." *Id.*

In this case, the Plaintiffs have asserted a number of state law claims, which as to the City

of Biloxi, are governed exclusively by the MTCA.  *See* Miss. Code Ann. § 11-46-7; S*ee also City of Tupelo v. Martin*, 747 So.2d 822 (Miss. 1999) (holding that the MTCA is an exclusive remedy for a party injured by a governmental entity's alleged acts or omissions).  Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivision; however, the waiver is subject to numerous limitations, restrictions, and exceptions.  As will be shown, Plaintiffs have failed to comply with the requirements of the MTCA or their claims are barred by the limitations, restrictions and exceptions contained within the MTCA.

Additionally, under 42 U.S.C. § 1983, a municipality such as Biloxi cannot be held liable under a theory of *respondent superior*.   *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  Biloxi can only be held liable for "their own illegal acts," and a party seeking to impose such liability must prove "action pursuant to an official municipal policy caused their injury." *Id.*  "The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious facts that such constitutional violations would result." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).

The party seeking to impose § 1983 liability, in order to state the cognizable claim, must plead specific factual allegations as to the municipality's policies.  *Beaulievv v. Lavigne*, 539 F.3d App'x 421, 425 (5th Cir. 2013).  The factual allegations, description of the policy and its relationship to the underlying constitutional violation cannot be conclusory if it is to survive judicial scrutiny.  *Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013).  Failure to include such factual allegation is insufficient to state a claim for relief as to the municipality. *Id.*  Plaintiffs' Complaint is insufficient and fails to state a cognizable claim for relief.

**B.    INDIVIDUAL CLAIMS**

**1.    BILOXI IS ENTITLED TO JUDGMENT ON THE CLAIMS OF PUNITIVE DAMAGES.**

The Plaintiffs in this case cannot recover punitive damages pursuant to 42 U.S.C. § 1983.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Nor can they recover punitive damages under the Mississippi Tort Claims Act as to Biloxi.  *See* Miss. Code Ann. §11-46-15(2).  Thus, to the extent their Complaint seeks such damages, it fails to state a claim upon which relief can be granted and such claims should be dismissed or Biloxi should be granted judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**2.    LARRY ANDERSON FAILED TO PROVIDE PROPER NOTICE UNDER MISSISSIPPI TORT CLAIMS ACT SUCH THAT BILOXI IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNTS I – VIII AS TO ANDERSON.**

As noted, Counts I – VIII of the Complaint contained claims that, if actionable against Biloxi, would be controlled by the MTCA.  Section 11-46-7(2) of the Miss. Code Ann. (Rev. 2012) requires that prior to a Plaintiff filing suit against a governmental entity, that Plaintiff "must file a notice of claim with the chief executive officer of the governmental entity."  Substantial compliance with the notice is required, but substantial compliance is not the same, nor a substitute for, noncompliance.  *Fairley v. George Co.*, 871 So.2d 713, 716 (¶ 8) (Miss. 2004).  If a party fails to comply with the pre-suit notice provisions, the governmental entity is entitled to summary judgment. *Id.*

The notice of claim served on Biloxi listed only Hatch, Givens and Givens' children as potential claimants.  Larry Anderson's name appears nowhere in the notice.

*See* Exhibit "A."  Anderson's non-compliance with the provisions of Mississippi Law warrant entry of summary judgment for Biloxi as to his claims contained in Counts I – VIII.

**3.     ALL PLAINTIFFS PREMATURELY FILED THE STATE LAW CLAIMS CONTAINED IN COUNTS I – VIII IN VIOLATION OF THE MISSISSIPPI TORT CLAIMS ACT.**

As noted, Counts I – VIII of Plaintiffs' Complaint would be claims, if cognizable, against Biloxi only under the MTCA.   Section 11-46-11(3)(b) expressly and unequivocally provides that no action whatsoever may be maintained until the claimant receives notice of denial of the claim."  Notice requirements of the MTCA are "hard edged" mandatory rules strictly enforced by Mississippi Courts.  *Price v. Clark*, 21 So.3d 509, 518 (Miss. 2009).

The notice of claim sent on behalf of Hatch, Givens and Givens' children was dated October 10, 2017 and was received by Biloxi on October 16, 2017.  The original suit was filed on October 17, 2017 – just one (1) day after Biloxi received the notice. Such filing is in complete contradiction to the statutory requirements of § 11-46-113)(b) as Biloxi was never permitted the opportunity to respond prior to suit being filed.  Thus, these claims should be dismissed.[1]

**4.     DILLARD'S SECURITY OFFICER WAS NOT AN EMPLOYEE OF THE CITY OF BILOXI NOR WAS HE ACTING ON BEHALF OF THE CITY OF BILOXI SO BILOXI IS NOT LIABLE FOR HIS ACTIONS.**

In Paragraphs 25, 26, 27 and 28 of the Complaint, Hatch, Anderson, Givens and Givens' children allege that a plain-clothed Biloxi Police Office sprayed them with mace

and/or otherwise utilized racial slurs as to them.  These are the actions which underlie Counts I – IX of their Complaint.  However, BPD had no plain-clothed officers assigned to the Mall or any of its merchants on the date in question.  BPD had no special details assigned to the Mall or its merchants on the day in question.  No active BPD officers provided private security to the Mall or any of its merchants on the day in question or during the "Black Spring Break" weekend.  *See* Chief Miller's Affidavit.

The individual referenced in the Complaint is Glen Kerley.  Kerley was a private security officer employed by Dillard's, Inc.  Kerley was dressed in slacks and a red polo shirt with the word "Dillard's Security" visible.  *See* Exhibit "B" - Affidavit of Matt Howard at pg. 2, ¶ 6, *See also* Post Assault Photograph of Kerley attached as Exhibit "C."  Kerley was not assigned to Dillard's or the Mall as a plain-clothed police officer, nor was he assigned by Biloxi or BPD in any capacity whatsoever.  *See* Exhibit "A" - Chief Miller's Affidavit at pgs. 2 and 3, ¶'s 9 and 10.  Only Kerley discharged pepper spray or mace.  No Biloxi Police Officer at Dillard's that day discharged pepper spray or mace.  *See* Exhibit "B" - Matt Howard's Affidavit at pg. 3, ¶'s 17 and 18.

Obviously, since Kerley was not present on behalf of Biloxi, nor an employee of BPD at the time of this incident, then Biloxi cannot be held liable under the theory of *respondent superior.  See Sykes v. Home Healthcare Affiliates, Inc.*, 125 So.3d 107, 109 (Miss. Ct. App. 2013)(*respondent superior* requires employer/employee relationship).  If Kerley's status as a reserve available to BPD could somehow be construed as an

---

[1]  Were this Court to somehow conclude the notice of claim included Larry Anderson even though his name appears nowhere in that notice, Anderson's claims in Counts I – VIII are subject to dismissal on the same basis.

employee/employer relationship, Biloxi is statutorily immune from any liability for the acts or omissions of an officer in discharge of private security employment. *See* Miss. Code Ann. § 17-25-11(3)(Supp. 2006). This statute unequivocally places all liability for the actions of an off-duty police officer employed to perform private security services on the entity employing the officer and not on the municipality or county with which that officer is affiliated. *Id.* Thus, Biloxi is entitled to judgment as a matter of law as to Counts I-VIII as to all of the Plaintiffs.

5. **COUNTS II, III, VI AND VIII OF THE PLAINTIFFS' COMPLAINT ARE BARRED AS TO THE CITY OF BILOXI PURSUANT TO §§ 11-46-5(2) AND 11-46-7(2) OF THE MISSISSIPPI CODE.**

As noted, Kerley was not an employee of Biloxi at the time of the event, nor was he providing police services for Biloxi at Dillard's. He was privately employed and thus not acting in the course and scope of any alleged employment for Biloxi. However, should this Court somehow conclude that Kerley's reserve status created an employment relationship or should it view the presence of other Biloxi Police Officers at the scene as some basis to support the Plaintiffs' Complaint, then regardless, Counts II, III, VI and VII are not actionable since they allege conduct of malice or criminal offenses.

Under MTCA, sovereign immunity is waived as to political subdivisions of the State, such as Biloxi, for torts committed by the employees while acting within the course and scope of their employment. *See* Miss. Code Ann. § 11-46-5(i). Section 11-46-5(2) specifies that conduct of an employee which constitutes fraud, malice or any criminal offense other than traffic violations is not considered conduct within the course and scope of the employment. Where such conduct is alleged as the basis for the Complaint, the

political subdivision is protected from liability by sovereign immunity. *See* Miss. Code Ann. § 11-46-7(2).

Counts II and III of the Plaintiffs' Complaint allege gross negligence and willful conduct which constitutes criminal conduct. Thus, these claims assert malice or criminal conduct and are barred as Biloxi has not waived sovereign immunity, and Biloxi is entitled to judgment as a matter of law.

Count VI alleges intentional infliction of emotional distress. Claims predicated on behavior that is malicious, such as that alleged here, are outside the bounds of the MTCA. *Weible v. University of Southern Miss.*, 89 So.3d 51, 64 (Miss. Ct. App. 2011). Moreover, Biloxi is not liable, nor considered to have waived sovereign immunity, for conduct of any of its employees which constituted malice. *See* Miss. Code Ann. § 11-46-5. Thus, this claim is barred, and Biloxi is entitled to summary judgment.

Count VIII alleges a claim of illegality or intentional tort. This claim appears to be a claim of outrage which, under Mississippi Law, is equivalent to a claim of intentional infliction of emotional distress. *See Jones v. Jackson State Univ.*, 2008 U.S. Dist. Lexis 18012 (S.D. Miss. 2008). Moreover, it alleges conduct which was malicious in nature and thus constitutes malice. As such, it is barred for the same reasons stated above.

## 6. COUNTS I AND VIII ARE BARRED BY THE POLICE FUNCTION EXEMPTION OF THE MTCA.

Count I of the Complaint alleges negligence and Count VIII of the Complaint alleges negligent infliction of emotional distress. Again, both claims are predicated upon the conduct of Kerley and not any actions of any officer employed by Biloxi on the date

in question.  Regardless, such claims, even if actionable against Biloxi, would be barred by the police function exemption of the MTCA and as to Hatch the criminal activity exemption.

Section 11-46-9(1)(c) provides in pertinent part:

> "[A] governmental entity and its employees acting within the course and the scope of their employment or duties shall not be liable for any claim. . . [a] rising out of any act or omission or an employee of a governmental entity engaged in the performance or execution of duties or activities related to police or fire protection unless the employee acted in reckless disregard for the safety and wellbeing of any person not engaged in criminal activity at the time of injury."

Essentially, § 11-46-9(1)(c) provides two avenues of immunity: (1) if the Plaintiff is engaged in criminal activity at the time of the incident in question, the City of immune from suit and; (2) even if the Plaintiff were not engaged in criminal activity, if no officer acted with reckless disregard for the safety and wellbeing, then the City is immune from suit.  *Estate of Williams v. City of Jackson*, 844 So.2d 1161, 1164 (Miss. 2003).

Thus, where the activity in question is police or fire protection, the Plaintiffs must demonstrate that any Biloxi Police Officer acted with reckless disregard.  Reckless disregard for purposes of the MTCA has been defined as "usually. . . [conduct] accompanied with by a conscience indifference to the consequences amounting almost to a willingness that harm should follow."  *Maye v. Pearl River Co.*, 758 So.2d 391, 394 (Miss. 1999)(emphasis added).  Reckless disregard embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.  *Turner v. Ruleville*, 735 So.2d 226, 230 (Miss. 1999).  More importantly, "reckless disregard is a higher standard of gross negligence by which to judge the conduct of officers."  *City of*

*Jackson v. Gardner*, 108 So.3d 927, 929 (Miss. 2013)(reckless disregard exceeds gross negligence and embraces willful and wanton conduct).

In the instance case, there is no conduct alleged in the Complaint attributable to an Officer of the City of Biloxi which can meet this heightened standard. In fact, there is no conduct attributable to an Officer of the City of Biloxi at all. No individual officer is named or sued in his or her individual capacity. The conduct complained of was committed by Kerley who was employed by Dillard's. If Kerley is somehow linked to the City of Biloxi, his actions occurred in duties or activities related to police functions. Thus, these claims are barred as to the City of Biloxi by the police function exemption of the MTCA. Further, as to Hatch, he was subsequently arrested and charged with misdemeanor criminal activity. Thus, his claim is barred as he was engaged in criminal activity at the time of his alleged injury.

Moreover, even if Kerley could somehow be construed as being a representative of Biloxi, his conduct fails to meet this heightened standard. As noted, Kerley faced a large crowd of unruly individuals who verbally threatened him and thus could be considered engaging in criminal activity, particularly considering that they failed to obey a lawful order given by Officer Howard to disburse. The conduct of the crowd coupled with Kerley's response cannot be deemed grossly negligent so as to otherwise avoid the bar of the police function exemption, particularly given that he was savagely attacked and assaulted.

7.    **BILOXI IS NEITHER THE OWNER OR OPERATOR OF EDGEWATER MALL OR DILLARD'S AND IS NOT LIABLE UNDER ANY THEORY OF PREMISES LIABILITY.**

Count IV of the Complaint appears to assert a premise liability claim that Dillard's premise was not reasonably safe for invitees such as the Plaintiffs. Biloxi neither owns nor operates nor controls Edgewater Mall or the space occupied by Dillard's. Duties owed to invitees are only owed by premise owners or operators, and not the municipality where they are situated. No citation of authority is needed for this point. Thus, Biloxi is entitled to judgment as a matter of law.

8.    **PLAINTIFFS HAVE FAILED TO PLEAD OR PRESENT EVIDENCE OF A COGNIZABLE 42 U.S.C. § 1983 CLAIM AS TO BILOXI.**

Count IX of the Complaint attempts to allege a claim pursuant to 42 U.S.C. § 1983, particularly citing Amendments VIII and XIV of the United States Constitution. In pertinent part, the Complaint states as follows:

> "45.  This is an action on behalf of the Plaintiffs arising out of the unlawful conduct and/or actions of the City of Biloxi, Mississippi, by and through its agents or employees of the Biloxi Police Department, while acting under the color of state law. This lawsuit seeks damages for violation of 42 U.S.C. § 1983, U.S. Const. amends. VII and XIV, and 18 U.S.C. § 242, as well as negligence and failure to train on the part of the City of Biloxi, Mississippi and/or the Biloxi Police Department.

> 46.  As a result of such conduct and/or actions on the part of the agents or employees of the City of Biloxi, Mississippi and/or the Biloxi Police Department, the Plaintiffs were deprived of certain rights, privileges, or immunities secured by the Constitution of the United State, the Constitution of the State of Mississippi, as well as certain Federal and State statutes. In particular, though not limited to such, the conduct and/or actions mentioned herein resulted in a violation of U.S. Const. amends. VIII and XIV, 42 U.S.C. § 1983, and 18 U.S.C. § 242."

Presumably, these allegations refer back to Paragraphs 25 – 28 for the alleged conduct to support the claim.

First, Biloxi cannot be held liable under 42 U.S.C. § 1983 under a theory of *respondent superior.  Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  Thus, since the basis for the claim appears to be the conduct of Kerley which occurred at Dillard's on April 9, 2017, summary judgment or dismissal are warranted.  Second, the alleged offending underlying conduct was committed by Kerley who was not an employee of Biloxi or the Biloxi Police Department and thus his conduct cannot be a basis to hold the City liable.  Again, dismissal or summary judgment is appropriate.

A plaintiff may hold a municipality liable for deprivation of a Constitutional right undertaken pursuant to a municipal policy.  *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978).  "Municipal liability under Section 1983 requires proof of three elements: (1) a policy maker; (2) and official policy; and (3) violation of constitutional rights whose moving force is the policy or custom."  *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012)(citation omitted).

An official policy is "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy making authority."  *Brown v. Bryan Co., OK*, 219 F.3d 450, 457 (5th Cir. 2000)(quotation marks and citations omitted). An official policy is also found where "a persistent, widespread practice of city officials or employees, which although not authorized by an officially adopted promulgated policy, is so common and well settled as to constitute a custom that fairly represents

municipal policy." *Id.*

Before the municipality is found culpable, the plaintiff must also provide "evidence that the municipal action was taken with 'deliberate indifference' as to its known and obvious consequences." *Id.*  More than negligence, deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.*

The Complaint filed by the Plaintiffs does not identify any alleged policy of Biloxi which allegedly caused their injuries.  No evidence of any persistent widespread pattern or practice is presented or even alleged by the Plaintiffs in the Complaint.  No policymaker is identified.  No facts, other than those alleged in Paragraph 25 – 28, are presented to support the claims.  Even accepting these facts as true, they represent a single incident which fails to "provide context that would show a pattern of establishing a municipal policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009).  At best then, the Complaint is nothing more than threadbare recitals of conclusory alleged constitutional violation which contain no factual content and fail to even address the elements necessary to allow a Section 1983 claim to proceed as to a municipality.  Thus, the claim should be dismissed or summary judgment should be granted. *See Beaulieu v. Lavigne*, 539 F.3d App'x 421, 425 (5th Cir. 2013).

## CONCLUSION

The City of Biloxi is entitled to have the Complaint dismissed or alternatively entitled to judgment as matter of law.  The alleged conduct giving rise to the claims was not perpetrated by a Biloxi employee or Biloxi Police Officer.  The claims are barred procedurally and

substantively under the Mississippi Tort Claims Act.  The Motion should be granted.

Respectfully submitted, this the 23rd day of March, 2018.

CURRIE JOHNSON & MYERS, P.A.
Attorneys for Biloxi Police Department


By: _/s/ J. Henry Ros_____
        J. Henry Ros, Esquire
        Mississippi Bar Number 5668


**CURRIE JOHNSON & MYERS, P.A.**
925 Tommy Munro Drive, Suite H
Biloxi, MS   39532
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
hros@curriejohnson.com

<u>**CERTIFICATE OF SERVICE**</u>

I, J. Henry "Hank" Ros, do hereby certify that I have this day electronically filed with the

Clerk of the Court using the ECF system who sent notification of such filing to:

Eduardo A. Flechas, Esquire
Flechas & Associates, P.A.
318 South Street
Jackson, MS  39201
***Attorney for the Plaintiffs***

Matthew M. Williams, Esquire
Galloway, Johnson, Thompkins, Burrs & Smith
2510 14th Street, Suite 910
Gulfport, MS  39501
***Attorney for Defendant, Dillard's, Inc.***

William E. Whitfield, III, Esquire
Copeland, Cooke, Taylor & Bush, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, MS  39530
***Attorney for Defendant, Jim Wilson & Associates, LLC***

Johnny L. Nelms, Esquire
Copeland, Cooke, Taylor & Bush, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, MS  39530
***Attorney for Defendant, Jim Wilson & Associates, LLC***

This the 23rd day of March, 2018.

  */s/  J. Henry Ros*
J. Henry Ros, Esquire

**J. HENRY "HANK" ROS, ESQUIRE**
Mississippi Bar Number 5668
**CURRIE JOHNSON & MYERS, P.A.**
925 Tommy Munro Drive, Suite H
Biloxi, MS   39532
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
hros@curriejohnson.com